UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD COOPER, *et al*, | § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-4501 |
| | § § | |
| DETAIL GARAGE, LLC, *et al*, | § § | |
| Defendants. | § § § | |

## **MEMORANDUM AND ORDER**

Pending before this Court is Plaintiffs' Motion for Leave to Amend Pleadings. (Doc. No. 14). Plaintiffs Donald Cooper and Detail Capital, LLC seek to file an amended complaint that adds three new claims for relief. *Id.* Defendants Detail Garage, LLC and Chad Zani oppose Plaintiffs' Motion, arguing that the amended complaint is futile, filed in bad faith, and would cause undue prejudice to Defendants. (Doc. No. 15).

Rule 15 governs motions to amend and calls for courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have thus interpreted Rule 15 to "evince[] a bias in favor of granting leave to amend." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)). Leave may still be denied for a number of permissible reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 591 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

1

Plaintiffs filed their original complaint in state court on October 20, 2019, pleading a single cause of action of promissory estoppel. (Doc. No. 1-2). The case was removed to this Court on November 15, 2019. (Doc. No. 1). Plaintiffs now seek to file their first amended complaint that adds three new claims for relief: fraud, fraud by nondisclosure, and negligent misrepresentation. (Doc. No. 14-1). The factual background of the amended complaint remains the same, as the new claims are based on the same underlying facts as pled in the original complaint. *Id.* Deadlines in this case do not begin for a few months: joinder of parties is not due until June 17, 2020, discovery is not closed until September 17, 2020, and dispositive motions are not due until October 14, 2020. (Doc. No. 11). Trial is scheduled to begin on February 15, 2021. *Id.*

Defendants first argue that Plaintiffs' amended complaint is futile, because it fails to state a claim upon which relief may be granted. (Doc. No. 15, at 2–3). An amendment is futile where the amended complaint would fail to state a claim under the same standard as applied under Rule 12(b)(6). *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). However, some district courts in this circuit have found that addressing the merits of a claim is more appropriate in a motion to dismiss or a summary judgment motion, "where the procedural safeguards are surer." *Garcia v. Overnight Cleanse, LLC*, No. 3:18-cv-3386, 2019 WL 5578565, at *2 (N.D. Tex. Oct. 29, 2019); *Rangel v. Gonzalez Mascorro*, No. L-10-104, 2011 WL 13353220, at *5 (S.D. Tex. Aug. 19, 2011). The Court finds such restraint especially appropriate in the present case, where no dispositive motions have been filed yet. *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 239 (5th Cir. 2015). Plaintiffs' amended complaint is not so lacking that it clearly does not state a claim. While Defendants *may* be correct that Plaintiffs have failed to plead claims sufficiently given the requirements of the Texas statute of frauds and heightened pleading

standards under Rule 9(b), without proper briefing, it is premature for the Court to conclude that Plaintiffs claims are all entirely futile.

Defendants also argue that Plaintiffs seek amendment in bad faith and such amendment would cause undue prejudice. (Doc. No. 15, at 3–4). However, Defendants' arguments involve issues surrounding discovery. *Id.* If Defendants have concerns about Plaintiffs' refusal to participate in good faith in discovery, Defendants may seek relief before this Court. However, Plaintiffs' objections to Defendants' discovery requests are not evidence that Plaintiffs seek amendment in bad faith or that such amendment would unduly prejudice Defendants. Because pending deadlines in this case are still far in the future, the newly added claims are based on the same underlying facts as the original claim, and there is no evidence that Plaintiffs have delayed filing their amended complaint, the Court finds that Plaintiffs' amendment is not in bad faith or unduly prejudicial.

Because leave to amend is to be freely given, and because Plaintiffs' first amended complaint is not sought in bad faith, nor would it unduly prejudice Defendants, the Court hereby **GRANTS** Plaintiffs' Motion for Leave to File to Amend Pleadings.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 10th day of April, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE